Eddie L. PORTER, Petitioner,

v.

**DEPARTMENT OF THE INTERIOR,**
Respondent.

No. 01–3242.

United States Court of Appeals,
Federal Circuit.

Feb. 6, 2002.

Before CLEVENGER, RADER, and BRYSON, Circuit Judges.

DECISION

PER CURIAM.

Eddie L. Porter appeals from the decision of the Merit Systems Protection Board, Docket No. PH–3443–01–0107–I–1, dismissing his appeal for lack of jurisdiction. We *affirm.*

BACKGROUND

In December 2000, Mr. Porter filed an appeal from the decision of the National Park ·Service failing to select him for an unspecified position or failing to reinstate him to one or more positions that he did not identify. The administrative judge assigned to Mr. Porter's case issued several orders directing him to file evidence and argument showing that the Board could exercise jurisdiction over his appeal, but Mr. Porter failed to submit any information relevant to the jurisdictional issue. Accordingly, on March 26, 2001, the administrative judge dismissed Mr. Porter's appeal for lack of jurisdiction. The administrative judge determined that Mr. Porter's appeal was barred as an attempt to relitigate a previous final decision of the

Board dismissing his appeal from the agency's refusal to hire him to the position of laborer pursuant to a November 1998 announcement. In the alternative, the administrative judge stated that if Mr. Porter was attempting to appeal the agency's failure to reinstate him or to hire him for some other position, his appeal had to be dismissed because he had not submitted information or argument sufficient to carry his burden of showing that any action had occurred over which the Board had jurisdiction. Finally, the administrative judge determined that the Board did not have jurisdiction to consider Mr. Porter's allegation that he was not selected for a position based on discrimination, because the Board has jurisdiction to hear allegations of discrimination or prohibited personnel practices only in conjunction with an otherwise appealable action. After the administrative judge's decision became final, Mr. Porter petitioned for review by this court.

### DISCUSSION

The Board's jurisdiction is limited to those matters assigned to it by statute and regulation. Mr. Porter has not shown that his appeal falls within any of those limited areas over which the Board may exercise jurisdiction.

■ A party cannot litigate an issue that has already been decided by a final Board decision in a prior appeal brought by the same party. Thus, to the extent that Mr. Porter is trying to challenge the Park Service's failure to select him to the position of laborer in November 1998, he is barred from litigating that issue because it has already been decided against him. *See Porter v. Department of the Interior*, MSPB Docket No. PH–3443–99–0127–I–1 (Initial Decision, March 1, 1999).

To the extent that Mr. Porter is seeking to challenge a different action by the Park Service, he bears the burden of proving that it was the kind of action that would give him the right to appeal to the Board. Mr. Porter contends that he is seeking reinstatement and back pay from March 1, 1992, but he has not explained what actions he is challenging. Even though the Board gave Mr. Porter many opportunities to submit documents or other evidence to support his appeal, he did not establish that the Board could exercise jurisdiction over his appeal.

■ Finally, even though Mr. Porter has alleged that the agency's adverse employment decisions were based on discrimination, that claim by itself is not enough to give the Board jurisdiction to hear his appeal. The Board may hear allegations of discrimination only in conjunction with an otherwise appealable action. *See* 5 U.S.C. § 7702. Because Mr. Porter failed to show that he was subjected to an otherwise appealable action that was properly before the Board, he failed to establish that the Board had jurisdiction over his discrimination claim. We therefore affirm the Board's decision dismissing his appeal.